[Civ. No. 38642. Second Dist., Div. Five. Dec. 2, 1971.]

QUINN MERRILL BECKSTEAD et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
INTERNATIONAL INDUSTRIES, INC., et al., Real Parties in Interest.

**COUNSEL**

Hutchinson & Quattrin and J. Albert Hutchinson for Petitioners.

No appearance for Respondent.

Richards, Watson & Dreyfuss, Ronald M. Greenberg, O'Melveny & Myers, Homer I. Mitchell, Donald M. Wessling, Gibson, Dunn & Crutcher, Julian O. von Kalinowski, Paul G. Bower and Joan L. Freeman for Real Parties in Interest.

## OPINION

**STEPHENS, Acting P. J.**—On January 4, 1971, petitioners filed a class action complaint in respondent Superior Court of Los Angeles County naming real parties in interest as defendants.[1] Demurrers to the original complaint were sustained without leave to amend, and a judgment dismissing the class action was entered. On June 18, 1971, petitioners (by petition for writ of mandate supported by points and authorities) asked this court to compel respondent court to set aside its judgment and to vacate its orders sustaining the demurrers without leave to amend. On July 27, 1971, we granted an alternative writ and set September 1, 1971, for the hearing to show cause why a writ of mandate should not issue. No appearance was made on behalf of respondent court, but briefs were filed on behalf of the real parties in interest.

■ It is a tenet of California civil procedure that the sustaining of demurrers without leave to amend is an extraordinary judicial procedure. Witkin (vol. 3, Cal. Procedure (2d ed. 1971) § 844) states: "Such a drastic step is unwarranted, and ordinarily constitutes an abuse of discretion if there is a reasonable possibility that the defect can be cured by amendment." In particular, the California Supreme Court has expressed its disfavor with this practice as applied to class action suits. (*La Sala* v. *American Sav. & Loan Assn.,* 5 Cal.3d 864 [97 Cal.Rptr. 849, 489 P.2d 1113]; *Vasquez* v. *Superior Court,* 4 Cal.3d 800 [94 Cal.Rptr. 796, 484 P.2d 964]; *Jones* v. *H. F. Ahmanson & Co.,* 1 Cal.3d 93 [81 Cal. Rptr. 592, 460 P.2d 464]; *Daar* v. *Yellow Cab Co.,* 67 Cal.2d 695 [63 Cal.Rptr. 724, 433 P.2d 732].) In *Vasquez,* the court said: "For the purpose of determining if the demurrers should have been overruled, it is sufficient that there is a reasonable possibility plaintiffs can establish a prima facie community of interest among the class members . . . . Plaintiffs' inability to do so, if that be the ultimate result, can be deter-

---

[1]In brief, petitioners' complaint (1) charged restraint of trade; (2) sought certain declaratory judgments; (3) charged fraudulent misrepresentations; (4) sought enforcement of contracts, reformations of contracts, and damages for alleged breaches of contracts; and (5) sought a bill of peace and the transfer and consolidation of certain other pending actions.

mined at a later stage of the proceeding." (At p. 813.) In *La Sala,* the court said: "When a trial court sustains a demurrer without leave to amend, we hold such a ruling an abuse of discretion if there is a reasonable possibility that the defect can be cured by amendment. . . . In our recent decision in *Vasquez* v. *Superior Court* . . . we suggested that any such issue as to whether a suit should be continued as a class action should be determined by the trial court after notice and hearing, and recommended the procedures set forth in Civil Code section 1781 and federal rule 23." (At p. 876.)

■ *Daar, Jones, Vasquez,* and *La Sala* represent California's judicial policy of allowing potential class action plaintiffs to have their action measured on its merits to determine whether trying their suits as a class action would bestow the requisite benefits upon the litigants and the judicial process to justify class action litigation. In order to effect this judicial policy, the California Supreme Court has mandated that a candidate complaint for class action consideration, if. at all possible, be allowed to survive the pleading stages of litigation. The wisdom of allowing survival is elementary. Class action litigation is proper whenever it may be determined that it is more beneficial to the litigants and to the judicial process to try a suit in one action rather than in several actions. To make this determination, it is necessary to balance the benefits of trying a particular suit as a class action, against the concomitant burdens. It is clear that the more intimate the judge becomes with the character of the action, the more intelligently he may make the determination. If the judicial machinery encourages the decision to be made at the pleading stages and the judge decides against class litigation, he divests the court of the power to later alter that decision. However, if the decision is allowed to be deferred past the pleading stage, and even well into the trial on the merits, the balancing will be more precise. Since it is both the litigants and the judicial process who are the beneficiaries of a wise decision, the overriding interest of all affected is to allow the judge as much insight into the case as possible in making his determination. Therefore, because the sustaining of demurrers without leave to amend represents the earliest possible determination of the propriety of class action litigation, it should be looked upon with disfavor. This is not to say that sustaining demurrers to class action complaints without leave to amend is always improper. Conceptually, we suppose that any "class action" complaint at the pleading stage is possible of being amended so as to plead a class action which will survive demurrer, but we also recognize that certain factual situations may negate such a possibility. It is in such factual situations that sustaining de-

murrers without leave to amend is proper.[2] ■ However, absent such strong factual showings, all that is normally required for a complaint to survive demurrers to the propriety of class litigation is that the complaint allege facts that tend to show: (1) an ascertainable class of plaintiffs, and (2) questions of law and fact which are common to the class. If the complaint is allowed to survive the demurrer, then the judge may proceed with the suit, deferring his determination of the propriety of class action until a time when he may better make the decision.[3]

■ In the case before us, plaintiffs have pleaded facts which tend to show both an ascertainable class and questions of law and fact common to the class. We do not hold that the arguments of real parties in interest are without merit; we hold only that no argument has been made which would allow the judge to rule at the pleading stage that the suit was without the realm of probability of being properly tried as class litigation. The proper time for real parties in interest to raise their arguments is at "a later stage of the proceedings" (*Vasquez, supra*) "after notice and hearing" (*La Sala, supra*). We therefore hold that sustaining the demurrers without leave to amend was an abuse of discretion.[4]

The writ is granted, and the trial court is directed to vacate its judgment dismissing the cause of action as a class action, to vacate its orders sustaining the demurrers without leave to amend, and to proceed in a manner consistent with the views expressed herein.

Aiso, J., and Reppy, J., concurred.

---

[2]For a case in which we believe that demurrers were properly sustained without leave to amend, see *Diamond* v. *General Motors,* 20 Cal.App.3d 374 [97 Cal.Rptr. 639]).

[3]The substantive and procedural considerations employable by the trial court in making this determination have been set out at length in *Vasquez, supra,* and reiterated in *La Sala, supra,* and we find no point in rediscussing them here.

[4]Attention of the parties and of the trial court is called to *Siegal* v. *Chicken Delight* (9th Cir. 1971) 448 F.2d 43, which deals with franchises, class actions, and restraint of trade.