[Civ. No. 26383. Fourth Dist., Div. One. Jan. 15, 1982.]

QUINN MERRILL BECKSTEAD et al., Plaintiffs and Appellants, v. INTERNATIONAL INDUSTRIES, INC., et al., Defendants and Respondents.

COUNSEL

J. Albert Hutchison for Plaintiffs and Appellants.

Booth, Mitchel, Strange & Smith, Seth W. Whitaker, O'Melveny & Myers, Donald M. Wessling, Neil M. Soltman, Gibson, Dunn & Crutcher, Wayne W. Smith, Buchalter, Nemer, Fields, Chrystie & Younger, Howard P. Miller, Paul, Hastings, Janofsky & Walker, Oliver F. Green, Jr., and Jamie Broder for Defendants and Respondents.

OPINION

**WORK, J.**—Today we attempt what three previous appellate opinions have failed to do, to lower the curtain on litigation begun over ten years ago. At issue is an order sustaining general demurrers without leave to amend on the ground of res judicata. Because we find the appeal frivolous and motivated solely to harass and annoy, we not only affirm the judgment but impose financial sanctions.

*Background*

1. On January 4, 1971, all appellants to this action (except Leo Zoldan) filed a separate lawsuit from the one presently pending against these same respondents, alleging breach of contract, restraint of trade, invalidity of certain franchise agreements and fraudulent misrepresentation. Suing both "individually ... and [on] ... behalf of all persons similarly situated ... as a class," they sought reformation of the franchise agreements, enforcement, damages for the alleged breaches and an equitable bill of peace. On June 13, 1973, respondent, General Insurance Company of America (General), was named as a party defendant.

On May 28, 1971, the superior court in Los Angeles sustained several of respondents' demurrers without leave to amend the *class* action portions of that lawsuit, but with 60 days leave to amend the *individual* causes of action. Later, appellants sought a writ of mandamus from the Second District Court of Appeal, resulting in a published opinion on December 2, 1971: *Beckstead* v. *Superior Court*, 21 Cal.App.3d 780 [98 Cal.Rptr. 779] (*Beckstead I*), requiring "the trial court ... to vacate its judgment dismissing the cause of action as a class action, to vacate its orders sustaining the demurrers without leave to amend, and to proceed in a manner consistent with the views expressed [t]herein." (*Id.*, at p. 784.)

Accordingly, on March 8, 1972, the Los Angeles Superior Court vacated its order of dismissal regarding *a class action*, and ordered respondents to answer within 30 days.

Respondents then moved for clarification contending the appellate court had countermanded only those aspects of the superior court's previous judgment relating to the *class* action portions of the complaint; leaving unaltered its sustaining *with leave to amend* respondents' demurrers to the *individual* causes of action. The court then amended its order to require respondents to answer within 60 days after amendment during both the class and the individual actions.

Respondents refiled their motions for clarification of this erroneous order but, on the date of hearing, were ordered off calendar when appellants argued "the motions had been rendered moot" by the amended order.

Leo Zoldan then joined the action as a plaintiff adopting the existing complaint as his own.

When appellants failed to amend either category of action, the trial court granted an additional 30 days. When they still refused to amend, the trial court dismissed the entire action, June 21, 1972. In a second (unpublished) opinion (*Beckstead* v. *International Industries, Inc.* (1974) 2 Civ. No. 42068), the Court of Appeal for the Second District again reversed dismissal of the class action portions of the complaint but affirmed dismissal of the individual causes of action. When appellants sought neither rehearing nor a hearing before the Supreme Court the dismissal of the individual causes of action became final.

Four years later, when appellants moved to certify their alleged class, respondents successfully moved to dismiss.

The dismissal was affirmed by the Second District in a third (unpublished) opinion (*Beckstead* v. *International Industries, Inc.* (1980) 2 Civ. No. 56265). Referring to their earlier affirmance of appellants' previously dismissed individual causes of action, the court stated, simply: "On this appeal plaintiffs appear to attempt to raise the issue of the dismissal of the complaint as to plaintiffs individually. However, that issue is no longer open for determination on this appeal because it was decided in a prior appeal to this court. That appellate decision, from which plaintiffs sought neither a rehearing in this court nor a hearing in the State Supreme Court, became final in 1974.

"... Here, [therefore,] with respect to the various causes of action alleged by plaintiffs individually we are bound, under the doctrine of the law of the case, by the prior appellate decision of this court affirming the trial court's dismissal of the complaint as to plaintiffs individually."

After dismissal of appellants' individual causes of action in *Beckstead I* had become final, on December 30, 1974, the present action was filed in San Francisco; asserting essentially the same individual causes of action against the same parties as the Los Angeles complaint.[1]

General demurrers were sustained without leave to amend on the ground of res judicata and the lawsuit dismissed. Appellants erroneous-

---

[1]The class action allegations were not included.

ly contend the trial court ruling in *Beckstead I* was not a ruling on the merits and may not act as a res judicata bar here.

2. Throughout the majority of this 10-year judicial drama, a separate, but related, dispute developed between appellants and General, who was added as a party defendant, June 13, 1973, to the first cause of action in *Beckstead I*—"restraint of trade." General obtained summary judgment and was dismissed from the lawsuit, October 1, 1973. No timely appeal was taken. When, years later, appellants challenged that summary judgment, the Second District in *Beckstead v. International Industries, Inc., supra,* 2 Civ. No. 56265, dismissed the appeal as untimely and frivolous and awarded financial sanctions.

### Discussion

### I

■ It matters not whether appellants were properly ordered to amend their original complaint in *Beckstead I* to state facts sufficient to constitute individual causes of action or whether that order was, indeed, erroneously made; for, once their unsuccessful appeal of that issue became final in 1974 the ruling became one *on the merits*, barring further litigation of the issues between those parties participating in the original case. (*Martin v. Martin* (1970) 2 Cal.3d 752, 763 [87 Cal.Rptr. 526, 470 P.2d 662].)

Since the individual plaintiffs here are identical to those in *Beckstead I*, and the acts, transactions and legal theories alleged are essentially the same,[2] the trial court's judgment was proper.

### II

■■ ■■■ Moreover, appellants may not now question the October 11, 1973, summary judgment dismissing General from *Beckstead I*.[3]

---

[2]Except for Leo Zoldan all claims in this action are identical. This is because, although Zoldan adopted the original complaint as his own on May 5, 1972, no amendment to that complaint was ever filed specifying his damage.

[3]They challenge the summary judgment in *Beckstead I* on the sole ground section 916 of the Code of Civil Procedure divested the trial court of subject matter jurisdic-

Considering the precise arguments presented to us on this issue, the Second District in *Beckstead v. International Industries, Inc., supra,* 2 Civ. No. 56265, page 9, stated as follows: "Appellants' purported appeal from ... [that] summary judgment entered in October 1973 in favor of defendant General Insurance Company of America must be dismissed because it is untimely. An appeal lies from a summary judgment *even though the judgment is not final as to the rights of all the parties to the litigation. (Walker v. Stauffer Chemical Corp.* (1971) 19 Cal.App.3d 669, 671.) Because ... [such an] appeal was not taken within the period prescribed in rule 2, subdivision (a) of the California Rules of Court, this court is without jurisdiction to consider it [now]. (*Estate of Hanley* (1943) 23 Cal.2d 120, 122-123 ....)" (Italics added.)[4]

Here, although the principle is slightly different, the result is the same. Matters decided by the Courts of Appeal are entitled to res judicata effect. (*Ryerson v. Riverside Cement Co.* (1968) 266 Cal.App.2d 789, 794 [72 Cal.Rptr. 595].) Whether the original appeal is taken from a jurisdictional question, or not, the rule is the same and once the validity of a judgment is so determined it is no longer subject to collateral attack. (*Geibel v. State Bar* (1939) 14 Cal.2d 144, 147-148 [93 P.2d 97]; *Lake v. Bonynge* (1911) 161 Cal. 120, 127 [118 P. 535].)

---

tion in that action during pendency of the appeal in 2 Civ. No. 42068.

"Except as provided in Sections 917.1 through 917.9 and in Section 117ha, the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order, but the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order." (Code Civ. Proc., § 916, subd. (a).)

Appellants apparently misconstrue both the language and intent of the section, however, as nowhere does it purport to divest a trial court of subject matter jurisdiction with respect to the entire action being sued upon. Rather, "the trial court may proceed upon any ... matter embraced in the action ... [but] not affected by the judgment or order [appealed]." (*Ibid.*) Thus, notwithstanding our holding herein, since the matters appealed from in 2 Civ. No. 42068 and General's motions for summary judgment were entirely *unrelated,* appellants' section 916 argument is without merit. (Cf. *Karp v. Dunn* (1964) 229 Cal.App.2d 192, 196 [40 Cal.Rptr. 96]; see *Walker v. Stauffer Chemical Corp.* (1971) 19 Cal.App.3d 669 [96 Cal.Rptr. 803].)

[4]The Court of Appeal continued in that case: "We deem plaintiffs' purported appeal from the summary judgment entered in favor of defendant General ... some five years prior to this appeal to be frivolous and grant defendant's request for imposition of a penalty assessment against plaintiffs pursuant to rule 26, subdivision (a), of the California Rules of Court." (*Beckstead v. International Industries, Inc., supra,* 2 Civ. No. 56265, at p. 9.)

### Disposition

■ In light of appellants' long history of unmeritorious and frivolous appeals coupled with the accepted and longstanding doctrines of res judicata, we deem appellants' entire appeal frivolous and motivated by ill will. Accordingly, they are jointly ordered to pay defendant, General, the sum of $3,000 in attorneys fees, and $3,000 to the remaining defendants, jointly, as penalty in addition to their costs of appeal. (Cal. Rules of Court, rule 26(a).)

Judgment affirmed.

Cologne, Acting P. J., and Staniforth, J., concurred.