**Juan SEGUNDO, Jr.; Jean Chormicle Kapp; Lisa Bliele; Paula Bliele, et al., Plaintiffs–Appellants,**

**v.**

**RANCHO MIRAGE CITY; City of Cathedral City, et al., Defendants–Appellees.**

No. 87–6603.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 8, 1989.

Decided May 2, 1989.

George Forman, Alexander & Karshmer, Berkeley, Cal., for plaintiffs-appellants.

Virginia R. Pesola, Burke, Williams & Sorensen, Los Angeles, Cal., for defendants-appellees.

Before SCHROEDER, FLETCHER and TROTT, Circuit Judges.

SCHROEDER, Circuit Judge:

This is an appeal from the district court's denial of attorneys' fees. In an earlier appeal, we held that plaintiffs should prevail on the merits of their claim that the City of Rancho Mirage's rent control ordinance is not enforceable against appellants because the mobile home park they operate is located on Indian land. *Segundo v. City of Rancho Mirage,* 813 F.2d 1387 (9th Cir. 1987) (*Segundo I*).

In *Segundo I* we also held that the plaintiffs were not entitled to attorneys' fees under 42 U.S.C. § 1988 because they had

not prevailed on any individual rights claim pursuant to 42 U.S.C. § 1983. *Segundo I*, 813 F.2d at 1394. Rather, they had prevailed only because of federal preemption of state law and local regulation affecting Indian lands. We noted that the section 1988 fee issue was controlled by *White Mountain Apache Tribe v. Williams*, 810 F.2d 844, 852 (9th Cir.1985), *cert. denied sub nom. White Mountain Apache Tribe v. Arizona State Transp. Board*, 479 U.S. 1060, 107 S.Ct. 940, 93 L.Ed.2d 990 (1987). *Segundo I*, 813 F.2d at 1394.

■ Upon remand to the district court for entry of judgment in plaintiffs' favor, plaintiffs sought attorneys' fees under section 17 of the challenged ordinance itself, which provides that in "any action in which the validity of this ordinance or any part thereof is challenged, reasonable attorney's fees shall be awarded to the prevailing party or parties." [1] The district court denied the claim on the theory that plaintiffs were not entitled to fees unless they challenged the facial validity of the entire ordinance. Because plaintiffs' challenge was limited to whether the ordinance could be validly applied on Indian lands, the district court denied fees.

The district court's reasoning was flawed. The ordinance itself makes no distinction between a challenge to the validity of the ordinance as a whole and a challenge to the validity of enforcement in a particular case. In *Segundo I* we characterized the dispositive issue in plaintiffs' case as "whether the ordinances are valid...." *Segundo I*, 813 F.2d at 1389. A recent decision of the Supreme Court reinforces this conclusion. In *California v. Cabazon Band of Mission Indians*, 480 U.S. 202, 107 S.Ct. 1083, 94 L.Ed.2d 244 (1987), the Court accepted jurisdiction of the case as one within its appellate, as opposed to certiorari, jurisdiction. It did so because it found that the district court's judgment that a state statute and county ordinance

had no application within Indian land was a holding that those laws were "invalid as repugnant to the constitution, treaties or laws of the United States." *Id.* at 206 n. 4, 107 S.Ct. at 1087 n. 4 (quoting 28 U.S.C. § 1254(2) (1982) (defining appellate jurisdiction)). [2]

Appellees commendably seek other grounds to support the decision of the district court. They point out that this court previously has denied fees on appeal to these plaintiffs, on a fee application made under section 17. Some months after *Segundo I*, the panel that heard that appeal considered a request for fees for work on that appeal. It denied the request in a one-line order without explanation. That order was not a holding that plaintiffs should be denied attorneys' fees under section 17 for work in the trial court. We now hold that under the provisions of the ordinance plaintiffs are entitled to the fees requested here.

■ Appellees alternatively argue that a municipal ordinance cannot provide for payment of attorneys' fees in litigation. They contend that only state statutes, and not municipal ordinances, may do so. They cite no authority supporting this proposition. They do cite Cal.Civ.Proc.Code § 1021, which provides: "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties...." This is not a prohibition against municipalities providing for fees. The Supreme Court long ago recognized that municipal ordinances are a form of state statutory power. *See King Mfg. Co. v. City Council of Augusta*, 277 U.S. 100, 103–04, 48 S.Ct. 489, 490, 72 L.Ed. 801 (1928). California agrees with this view. *City of Los Angeles v. Belridge Oil Co.*, 42 Cal.2d 823, 833–34, 271 P.2d 5, 11 (1954). We see no reason to draw a distinction between state statutes and municipal ordinances for the

---

1. The term "ordinance" in this opinion refers to the practically identical ordinances both of the City of Rancho Mirage, Measure A (May 4, 1982), and of Cathedral City, Ordinance 48 (March 18, 1983).

2. Such appellate jurisdiction has since been legislatively abolished. *See* Pub.L. No. 100–352, 1988 U.S.Code Cong. & Admin. News (102 Stat.) 662.

purposes of attorneys' fees under California law.

Having come within the purview of the ordinance, the plaintiffs are entitled to attorneys' fees. The proper amount of the fees is determined by the twelve factors set forth in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67 (9th Cir.1975), *cert. denied sub nom. Perkins v. Screen Extras Guild, Inc.,* 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976); *see also Quesada v. Thomason,* 850 F.2d 537, 538–39 (9th Cir.1988) (requisite level of clarity in court's articulation of fee calculation).

The order of the district court denying fees is REVERSED and the matter REMANDED to the district court for the entry of an award of fees pursuant to the appropriate criteria.