[No. B160389. Second Dist., Div. Six. Dec. 17, 2003.]

CITY OF SANTA PAULA, Plaintiff and Respondent, v.
MOHAN NARULA et al., Defendants and Appellants.

## COUNSEL

R. Blinn Maxwell; Schroeder Comis Nelson & Kahn and Anson M. Whitfield for Defendants and Appellants.

Philip H. Romney and Karl H. Berger, City Attorneys; Myers, Widders, Gibson, Jones & Schneider and Peter D. Lemmon for Plaintiff and Respondent.

## OPINION

**GILBERT, P. J.—** ■ Attorney fees are permitted when authorized by contract, statute or law. (Code Civ. Proc., § 1033.5, subd. (a)(10).) A city ordinance allows the city to collect attorney fees incurred in foreclosing a lien on real property. Just as ". . . a rose is a rose . . ." so is an ordinance a statute when it permits recovery of attorney fees.[1]

Mohan and Sylvia Conway Narula (the Narulas) appeal a postjudgment order awarding attorney fees to the City of Santa Paula (the City). We conclude that: 1) the Narulas are barred by the doctrines of res judicata and collateral estoppel, and the law of the case from challenging the validity of prior judgments; and 2) the attorney fees award of $34,236 to the City is not excessive. We affirm.

### FACTS

The Narulas' apartment building was in violation of numerous building and safety codes. For five years, the City brought proceedings before its code enforcement agencies to compel the Narulas to repair the leased units in their building. The City's Appeals Hearing Board ordered the Narulas to comply with the codes and pay administrative costs and penalties. The Narulas refused to do either.

---

[1] ("Rose is a rose is a rose" from the poem "Sacred Emily" from Geography and Plays, Selected Writings of Gertrude Stein, Vintage Books (1990); see also The Gertrude Stein Reader: The Great American Pioneer of Avante-Garde edited by Richard Kostelanetz (2002) Introduction, p. XXVI.)

The city council ordered the city clerk to file a lien on the apartment building for the unpaid costs and penalties. City Ordinance section 11.59 states: "The lien may be foreclosed and the real property sold, by the filing of a complaint for foreclosure in a court of competent jurisdiction, and the issuance of a judgement[2] to foreclose. . . . The City shall be entitled to its attorneys fees and costs."

The City filed its action in the superior court and served the Narulas with a summons and "Petition To Confirm Appeals Hearing Board Order And For Judgment For Foreclosure." The petition included a request for attorney fees. The City served the Narulas with a notice of hearing on that petition. The Narulas neither answered the petition nor did they appear at the hearing. They admitted that they were served and asserted they "had no obligation to appear and defend [and] would have lost valuable rights if they did."

The court entered judgment against the Narulas. It ordered the City's lien to "be foreclosed and . . . for the sale of the property . . . by a commissioner appointed by the court . . . ." The judgment stated that the City is entitled to "attorney fees according to proof." The Narulas did not appeal.

The City then filed a motion for attorney fees in the amount of $11,285. The Narulas did not respond to the motion. The court awarded the City the fees it requested. The Narulas did not appeal.

The court entered an "Amended Nunc Pro Tunc Judgment" authorizing a sale by a commissioner, levying officer or court-appointed receiver. The judgment stated the City is entitled to attorney fees "according to proof." The Narulas did not appeal.

The Narulas filed a motion to set aside the first judgment and the amended judgment on the basis of excusable neglect. The court denied the motion. The Narulas did not appeal. They filed a motion for reconsideration, which the court denied.

## A. *Prior Appeal*

The Narulas filed a motion "to void judgments," expunge abstract of judgment and release levy. The trial court denied the motions and the Narulas appealed.

The City moved to dismiss the appeal, asserting that it was untimely. The Narulas opposed the motion, contending the judgments were "void on [their]

---

[2] We prefer this spelling: "judgment." The drafters of the ordinance preferred the antiquated spelling. (Webster's II, New College Dict. (1995) pp. 598–599.)

face" and may be "collaterally [attacked] at any time." We dismissed the appeal and the remittitur was issued on October 1, 2002. (*City of Santa Paula v. Narula* (July 31, 2002, B1569371) app. dism.)

## B. *Second Motion for Attorney Fees*

The City filed a second motion for attorney fees, with detailed billing statements. The Narulas' opposition stated, among other things, that the City included billing time that had been covered by the first attorney fee order, but they otherwise had "no objection to the fees sought." In its response, the City denied there was duplication of time. At the hearing on the motion, the Narulas' counsel stated, "[We have] taken the position that the fees were correct." On May 9, 2002, the court awarded the City $34,236 in attorney fees. That order is the basis for the current appeal.

## DISCUSSION

### I. *Res Judicata, Collateral Estoppel and Law of the Case*

The Narulas contend that the two judgments are void because, among other things: 1) the trial court lacked jurisdiction to foreclose because the City filed a petition instead of a complaint; 2) the petition did not state a cause of action; and 3) the judgments were erroneous because the court misapplied statutory and case law for lien foreclosures.

The City responds that the Narulas are barred from raising these issues because of the doctrines of res judicata and collateral estoppel. It argues: 1) the Narulas did not appeal the judgments, which are now final and binding; and 2) our dismissal of the Narulas' first appeal, which involved issues about whether the judgments were void, bars them from raising those issues in this appeal.

■ The doctrines of res judicata and collateral estoppel prevent a losing party from relitigating causes of action or issues against the prevailing party after a final judgment. (*People v. Silva* (1981) 114 Cal.App.3d 538, 550 [170 Cal.Rptr. 713].) A "prior judgment determines not only every issue raised . . . , but every issue that *might* have been raised. [Citations.]" (*Ibid.*) The Narulas should have raised the issues about the validity of the judgments in the trial court before they were entered. (*People v. Stuyvesant Ins. Co.* (1963) 216 Cal.App.2d 380, 382–383 [31 Cal.Rptr. 208].) Because they did not do that, and did not appeal those judgments, they may not challenge them in this appeal. (*Beckstead v. International Industries, Inc.* (1982) 127 Cal.App.3d 927, 934 [179 Cal.Rptr. 767].) "A party who fails to take a timely appeal from a decision or order from which an appeal might previously have been

taken cannot obtain review of it on appeal from a subsequent judgment or order. [Citations.]" (*Ostling v. Loring* (1994) 27 Cal.App.4th 1731, 1749 [33 Cal.Rptr.2d 391].)

The Narulas contend there is an exception to the doctrines of res judicata and collateral estoppel for a challenge to the court's jurisdiction. They contend that the ordinance required the City to file a "complaint" and because it filed a "petition" the court had no jurisdiction. We disagree.

█ "[T]he nature and character of a pleading are to be determined from its allegations, regardless of what they may be called . . . ." (*Kreutzer v. County of San Diego* (1984) 153 Cal.App.3d 62, 69 [200 Cal.Rptr. 322].) The allegations in the City's petition stated a cause of action for the enforcement of its lien. (Gov. Code, § 53069.4.)[3] The trial court had subject matter jurisdiction. (Code Civ. Proc., § 392, subd. (b); § 53069.4.) Courts do not favor rigid "mechanical adherence to . . . pleading labels . . . ." (*Laguna Village, Inc. v. Laborers' Internat. Union of North America* (1983) 35 Cal.3d 174, 182 [197 Cal.Rptr. 99, 672 P.2d 882].) Therefore, an error in the labeling of the pleading did not deprive the court of jurisdiction. (*Minor v. Municipal Court* (1990) 219 Cal.App.3d 1541, 1548 [268 Cal.Rptr. 919]; *Kreutzer*, at p. 69.) To borrow our rose metaphor again, "Rose" is no less a rose if her name is Gertrude.

█ The Narulas may not pursue their claims through a collateral attack because the court had subject matter and personal jurisdiction. A final judgment is binding, "even though contrary to statute where the court has jurisdiction over the subject matter and the parties. [Citation.]" (*People v. Silva, supra,* 114 Cal. App. 3d at pp. 549–550; see also *Svetina v. Burelli* (1948) 87 Cal.App.2d 707, 709–710 [197 P.2d 562].) "This is so even though the determination be palpably erroneous . . . ." (*REO Broadcasting Consultants v. Martin* (1999) 69 Cal.App.4th 489, 501 [81 Cal.Rptr.2d 639].) "Thus, a failure to state a cause of action [citation], insufficiency of evidence [citation], abuse of discretion [citation], and mistake of law [citations], have been held nonjurisdictional errors for which collateral attack will not lie. [Citation.]" (*Armstrong v. Armstrong* (1976) 15 Cal.3d 942, 950 [126 Cal.Rptr. 805, 544 P.2d 941]; see also *Svetina*, at pp. 709–710 [where court had subject matter and personal jurisdiction, defendant who defaulted in lien foreclosure action could not collaterally attack validity of lien].)

█ Moreover, our dismissal of the Narulas' first appeal was a rejection of their claims that the judgments could be collaterally attacked. Under the law of the case doctrine, "a matter adjudicated on a prior appeal normally will not

---

[3] All statutory references are to the Government Code unless otherwise stated.

be relitigated on a subsequent appeal in the same case. [Citations.]" (*Davies v. Krasna* (1975) 14 Cal.3d 502, 507 [121 Cal.Rptr. 705, 535 P.2d 1161].) An "involuntary dismissal of an appeal operates as an affirmance of the judgment below. [Citations.]" (*County of Fresno v. Shelton* (1998) 66 Cal.App.4th 996, 1005 [78 Cal.Rptr.2d 272].) The dismissal bars the Narulas from challenging the judgments. (*Beckstead v. International Industries Inc.*, *supra*, 127 Cal.App.3d at 934; *People v. Silva*, *supra*, 114 Cal.App.3d at p. 550.)

## II. *Attorney Fees*

■ The City points out that the judgments state it is entitled to attorney fees. It argues that because the Narulas did not appeal the judgments, the only issue on this appeal is the amount of the award. We disagree. Even though the judgments declared the City's right to fees, "in an appeal from a postjudgment order awarding attorney's fees, we may review the entitlement to, as well as the amount of, the fees awarded." (*P R Burke Corp. v. Victor Valley Wastewater Reclamation Authority* (2002) 98 Cal.App.4th 1047, 1055 [120 Cal.Rptr.2d 98].)

The Narulas contend that a local ordinance is not a state statute and not authority for an award of attorney fees. We disagree. "[A]ttorney fees are 'allowable . . .' when . . . 'authorized by' either 'Contract,' 'Statute,' or 'Law.' " (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 606 [71 Cal.Rptr.2d 830, 951 P.2d 399]; Code Civ. Proc., § 1033.5, subd. (a)(10).) Attorney fees for enforcing a judgment are authorized where they are "otherwise provided by law." (Code Civ. Proc., § 685.040.) The City's ordinance is a law. A city ordinance passed by a municipality " '. . . has the same force within its corporate limits as a statute passed by the Legislature [itself] throughout the state. . . .' [Citations.]" (*Brown v. City of Berkeley* (1976) 57 Cal.App.3d 223, 231 [129 Cal.Rptr. 1].) Courts have interpreted the term "statute" to include "municipal ordinances." (*City of Los Angeles v. Belridge Oil Co.* (1954) 42 Cal.2d 823, 833–834 [271 P.2d 5].)

Section 53069.4 authorizes the City to enact ordinances to enforce its administrative orders by imposing fines and penalties. It states: "The local agency shall set forth by ordinance the administrative procedures that shall govern the imposition, enforcement, collection, and administrative review . . . of those administrative fines [and] penalties." (*Id.*, subd. (a)(1).) It also authorizes the City to "collect the penalty pursuant to the procedures set forth in its ordinance." (*Id.*, subd. (d).) Section 11.59 of the City's ordinance

provides for attorney fees in litigation by the City to foreclose a lien to collect its administrative costs and penalties.

■ A city ordinance may authorize an award of attorney fees. (*Segundo v. Rancho Mirage City* (9th Cir. 1989) 873 F.2d 1277, 1278–1279.) In *Segundo*, the Ninth Circuit rejected the contention that an attorney fee provision in a municipal rent control ordinance may not be endorsed by a court because it is not a state statute. The court stated: "We see no reason to draw a distinction between state statutes and municipal ordinances for the purposes of attorneys' fees under California law." (*Ibid.*) Other jurisdictions have reached similar results. (*Town of Frederick v. North American Resources Co.* (2002 Colo. App.) 60 P.3d 758, 767 [court properly awarded attorney fees to a town based on an attorney fee provision in its municipal land use ordinance].) Even administrative agencies may award such fees in proper cases. (*McHugh v. Santa Monica Rent Control Bd.* (1989) 49 Cal.3d 348, 378–379 [261 Cal.Rptr. 318, 777 P.2d 91]; Cal. Attorney Fee Awards (Cont.Ed.Bar 2d ed. 2002) § 10.8, p. 237.) So may a court.

Moreover, a court's award of fees furthers the purposes underlying section 53069.4 and the state's policy to maintain habitable housing. (*Hansen v. Department of Social Services* (1987) 193 Cal.App.3d 283, 295, fn. 7 [238 Cal.Rptr. 232]; *Silberman v. Swoap* (1975) 50 Cal.App.3d 568, 571 [123 Cal.Rptr. 456].) There is a strong public policy to encourage cities to abate nuisances and provide attorney fees to help defray the costs of such actions. For example, section 38773.5, subdivision (b) states: "A city may, by ordinance, provide for the recovery of attorneys' fees in any action, administrative proceeding, or special proceeding to abate a nuisance."

■ Here the City initiated nuisance abatement proceedings, filed litigation and employed attorneys because the Narulas neither complied with building codes nor paid the administrative costs. Although the current action involves enforcement of a lien for costs and penalties, it stems from a nuisance abatement action. It would frustrate code enforcement efforts and reward noncompliance if the City had to bear the fees it incurred as a result of the Narulas' recalcitrance. Requiring the Narulas to reimburse the City for its counsel fees "induce[s] compliance with [the City's] regulatory authority . . . ." (*McHugh v. Santa Monica Rent Control Bd.*, *supra*, 49 Cal.3d at pp. 378–379.) The award furthers the purpose of section 53069.4 by facilitating the City's efforts to collect code enforcement penalties and advances the remedial policies underlying section 38773.5. (*Silberman v. Swoap*, *supra*, 50 Cal.App.3d at p. 571.) The trial court did not err.

### III.  *Abuse of Discretion*

The Narulas contend that the trial court abused its discretion by awarding excessive fees. We disagree. "The 'experienced trial judge is the best judge of the value of professional services rendered in his [or her] court . . . .' [Citations.]" (*Serrano v. Priest* (1977) 20 Cal.3d 25, 49 [141 Cal.Rptr. 315, 569 P.2d 1303].) "Absent a manifest abuse of discretion, the determination of the trial court will not be disturbed." (*Mustachio v. Great Western Bank* (1996) 48 Cal.App.4th 1145, 1151 [56 Cal.Rptr.2d 33].)

The Narulas contend that the City's lawyers sought fees for unnecessary services and sought excessive compensation for simple tasks. But the Narulas waived these points by not raising them in the trial court. (*Children's Hosp. and Medical Center v. Bontá* (2002) 97 Cal.App.4th 740, 776–777 [118 Cal.Rptr.2d 629].) But even on the merits the result is the same. The Narulas filed no declarations in opposition to the fees and presented no proof that there was a duplication of services. At the hearing, they conceded that the fees "were correct." The fees were documented with itemized billing statements. The Narulas have not shown an abuse of discretion.

The Narulas' remaining contentions are without merit.

The order is affirmed. Costs to respondent.

Coffee, J., and Perren, J., concurred.

A petition for a rehearing was denied January 9, 2004.