Filed 9/19/16  P. v. Landreth CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GARRET MATTHEW LANDRETH,<br><br>    Defendant and Appellant. | 2d Crim. No. B270790<br>(Super. Ct. No. 16PT-00040)<br>(San Luis Obispo County) |

Garret Matthew Landreth appeals the trial court's order committing him for treatment as a mentally disordered offender (MDO).  (Pen. Code,[1] § 2960 et seq.)  Appellant contends, and the People concede, that the evidence is insufficient to sustain the finding that his conviction of second degree robbery (§ 211) is a qualifying offense under the MDO law.  We reverse and remand for further proceedings.

FACTS AND PROCEDURAL HISTORY

In 2006, in Los Angeles County Superior Court case no. GA060401, appellant pled guilty or no contest to second degree robbery and admitted an allegation of a prior serious felony conviction (§ 667, subd. (a)(1)).  The trial court sentenced him to eight years in state prison.  On August 8, 2012, in Fresno County Superior Court case no. F12100302, appellant was convicted of battery by a prisoner on a non-confined person

---

[1] All statutory references are to the Penal Code.

(§ 4501.5) and was sentenced to a four-year prison term to be served consecutively to the eight-year term he was then serving.

On September 30, 2015, the Board of Parole Hearings (BPH) determined that appellant met the MDO criteria and sustained the requirement of treatment as a condition of parole. In January 2016, appellant petitioned for a hearing and sought appointment of counsel.

Appellant waived his right to a jury a trial. Dr. Dia Gunnarsson, a forensic psychologist at Atascadero State Hospital, testified as the prosecution's expert. Dr. Gunnarsson interviewed appellant and reviewed his criminal and mental health histories. Appellant suffers from bipolar disorder with psychotic features, which qualifies as a severe mental disorder. He has been in treatment since he was 15 years old and had been hospitalized numerous times for suicidal ideation.

Dr. Gunnarsson did not offer an opinion whether appellant's commitment offense qualified him for MDO treatment. She answered in the affirmative when asked if she was "familiar with [appellant's] criminal history [and] that he was convicted of and is on parole now for both robbery and battery on a non-prisoner[.]" The prosecutor's further questioning, however, focused exclusively on the robbery conviction. Dr. Gunnarrson opined that appellant's severe mental disorder was a cause or aggravating factor in his commission of the robbery, which "involved [appellant] handing a note to a bank teller[.]" The doctor based her opinion on admissions appellant made to a prior evaluator regarding his state of mind at the time of the offense. She also opined that (1) appellant's disorder was not in remission; (2) he had received at least 90 days of treatment for the disorder in the year prior to his parole; and (3) he presented a substantial risk of physical harm to others by reason of his disorder.

At the conclusion of the trial, appellant asserted that his robbery conviction did not qualify him for MDO treatment. He noted that the MDO law includes as an enumerated offense "robbery wherein it was charged and proved that the defendant personally used a deadly or dangerous weapon . . . in the commission of that robbery."

2

(§ 2962, subd. (e)(2)(D).)  Because it was undisputed that appellant's crime did not include the use of a dangerous or deadly weapon, appellant reasoned that the crime could not alternatively be classified as an unenumerated offense involving either the use of force or violence (*id.*, subd. (e)(2)(P)) or an implied threat to use force or violence likely to produce substantial physical harm (*id.*, subd. (e)(2)(Q)).  The People countered that robbery necessarily falls under the latter "catchall" provisions of the statute because the use of force or fear is an essential element of the crime.  The court agreed with the People, found that appellant met all the criteria for MDO treatment, and denied the petition.

## DISCUSSION

Appellant contends the evidence is insufficient to support the trial court's finding that his robbery offense involved either the use of force or violence (§ 2962, subd. (e)(2)(P)), or an express or implied threat to use force likely to produce substantial physical harm (*id.*, subd. (e)(2)(Q)).  The People correctly concede the point.

"A determination that a defendant requires treatment as an MDO rests on six criteria, set out in section 2962: the defendant (1) has a severe mental disorder; (2) used force or violence in committing the underlying offense; (3) had a disorder which caused or was an aggravating factor in committing the offense; (4) the disorder is not in remission or capable of being kept in remission absent treatment; (5) the prisoner was treated for the disorder for at least 90 days in the year before being paroled; and (6) because of the disorder, the prisoner poses a serious threat of physical harm to other people." (*People v. Clark* (2000) 82 Cal.App.4th 1072, 1075-1076.)  "In considering the sufficiency of the evidence to support MDO findings, an appellate court must determine whether, on the whole record, a rational trier of fact could have found that [appellant] is an MDO beyond a reasonable doubt, considering all the evidence in the light which is most favorable to the People, and drawing all inferences the trier could reasonably have made to support the finding.  [Citation.]" (*Id.* at p. 1082.)

3

Here we are concerned exclusively with the second criteria. Specifically, a prisoner may be committed as an MDO if he or she was sentenced to prison for an enumerated crime (§ 2962, subd. (e)(2)(A)-(Q)), or an unenumerated crime that involved either the use of force or violence (*id.*, subd. (e)(2)(P)) or an express or implied threat to use force or violence likely to produce substantial physical harm (*id.*, subd. (e)(2)(Q)). Among the enumerated crimes is "robbery wherein it was charged and proved that the defendant personally used a deadly or dangerous weapon . . . in the commission of that robbery." (*Id.*, subd. (e)(2)(D).) Although appellant was convicted of robbery, it was neither pled nor proven that he used a weapon in committing the crime.

Appellant asserts that by specifying a particular type of robbery as an enumerated offense, the Legislature effectively expressed an intent to otherwise exclude robbery as a qualifying offense under the MDO law. We are not persuaded. The enumerated offenses are simply a nonexhaustive list of crimes that qualify a prisoner for MDO treatment. "The Legislature added section 2962, subdivision (e)(2)(P)'s catchall provision 'to explain that this was not an exclusive list of offenses that would satisfy the violent crimes requirement. [Citation.] By creating new subdivisions for the force or violence requirement of section 2962, the Legislature expanded the list of crimes for MDO status. [Citation.]" (*People v. Stevens* (2015) 62 Cal.4th 325, 337.)

Accordingly, robbery is a qualifying offense under the MDO law, without regard to whether the defendant used a dangerous or deadly weapon, if it is proven that the crime falls under one of the MDO law's two catchall provisions. The trial court in this case concluded that no proof beyond the fact of the conviction was necessary because robbery is defined as "the felonious taking of personal property in the possession of another from his person or immediate presence and against his will accomplished by means of force or fear." We disagree. A robbery accomplished by the use of *fear* cannot be construed as involving an actual use of force or violence, as contemplated in subdivision (e)(2)(P) of section 2962. Although the crime might involve an express or implied threat to use force or violence likely to produce substantial physical harm (*id.*,

4

subd. (e)(2)(Q)), such a finding cannot be made without resort to the underlying facts. Here, the facts indicate that appellant merely handed a note to a bank teller. As the People concede, this is insufficient to make the requisite showing.

Because the evidence is insufficient to support the finding that appellant's commitment offense of second degree robbery is a qualifying offense under the MDO law, the MDO commitment order must be reversed. The People ask us to remand the matter for a retrial on the ground that double jeopardy principles do not apply to MDO proceedings. (See *People v. Burroughs* (2005) 131 Cal.App.4th 1401, 1407, fn. 2.) Appellant asserts that relitigation of the issue whether his commitment offense qualifies him for MDO treatment is barred by the doctrines of res judicata and collateral estoppel. Appellant is incorrect. "The doctrines of res judicata and collateral estoppel prevent a losing party from relitigating causes of action or issues against a prevailing party *after a final judgment*. [Citation.]" (*City of Santa Paula v. Narula* (2003) 114 Cal.App.4th 485, 490, italics added.) Here, the People do not seek to relitigate a claim or issue that either was or could have been raised in a prior proceeding that resulted in a final judgment.

On remand, the People may relitigate the issue whether appellant's robbery offense qualifies him for MDO treatment. Based on the record before us, we express no opinion whether the People can also proceed on the alternative theory that appellant's offense of battery by a prisoner on a non-confined person (§ 4501.5) qualifies him for MDO treatment.[2]

DISPOSITION

The judgment (MDO commitment order) is reversed. The mater is remanded for the limited purpose of deciding whether appellant's commitment offense involved force or violence or an express or implied threat thereof, as contemplated in

---

[2] The record does not disclose whether the BPH considered the battery offense in determining that appellant met the criteria for MDO treatment.

5

section 2962, subdivisions (e)(2)(P) and (e)(2)(Q).  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:


YEGAN, Acting P. J.


TANGEMAN, J.

Gayle L. Peron, Judge

Superior Court County of San Luis Obispo

_____

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Eric J. Kohm, Deputy Attorney General, for Plaintiff and Respondent.