Filed 2/23/22  U.S. Bank Nat. Assn. v. Rosenblum CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, as Trustee,<br><br>      Plaintiff, Cross-Defendant, and Respondent,<br><br>v.<br><br>JENNIFER MAE ROSENBLUM et al.,<br><br>      Defendants, Cross-Complainants, and Appellants. | A161511<br><br>(San Mateo County Super. Ct. No. 19-CIV-04539) |

In this partition action, Jennifer Mae Rosenblum and Frank Rosenblum (appellants) appeal from an award of sanctions in favor of U.S. Bank National Association, as Trustee for CSFB Mortgage-Backed Pass-Through Certificates, Series 2004-7 (respondent).  Appellants argue the trial court erred in awarding sanctions based on the filing of their cross-complaint asserting a quiet title claim, which the court concluded was frivolous because the claim was precluded by this court's prior decision in *Rosenblum vs. U.S. Bank, National Association* (Apr. 1, 2016, A143027) [nonpub. opn.] (*Rosenblum I*).  We affirm.

1

BACKGROUND[1]

In 1993, Richard Hatfield purchased the real property at issue (the Property) in his name. At the time, Jennifer and Hatfield were living together and had two children, but were not married. Jennifer and Hatfield subsequently separated.

In 2001, Jennifer sued Hatfield seeking joint ownership of their property, including the Property. Jennifer filed a dissolution action, a *Marvin* action,[2] and apparently other actions. The cases were consolidated in the trial court.

In 2002, Jennifer recorded a lis pendens providing notice of the pending dissolution action in which she asserted an interest in the Property. In 2004, Hatfield executed a deed of trust against the Property to secure a loan (the Deed of Trust). The Deed of Trust was eventually assigned to respondent.

In 2007, a statement of decision issued in the *Marvin* action (the 2007 *Marvin* decision) finding Jennifer and Hatfield jointly owned all their property, including the Property, and their assets were "to be divided equally."

In 2008, Hatfield filed for bankruptcy. Because of this filing, the *Marvin* and related actions were stayed. Hatfield's property became the

[1] Substantial portions of this background summary are taken from this court's prior decision in *Rosenblum I*, *supra*. Jennifer Rosenblum was the plaintiff in *Rosenblum I*. Hereafter, for the sake of convenience, we refer to the Rosenblums by their first names when we refer to them separately. No disrespect is intended.

[2] *Marvin v. Marvin* (1976) 18 Cal.3d 660 "held that express or implied contracts between persons living together in a nonmarital relationship should be enforced, unless the contracts were explicitly founded on the consideration of meretricious sexual services." (*Chodos v. Borman* (2014) 227 Cal.App.4th 76, 82, fn. 1.)

2

property of his bankruptcy estate, and the estate's trustee (Trustee) initiated an adversary proceeding against Jennifer and respondent (or its predecessor in interest), among others. The Trustee contended the Deed of Trust should be paid from the proceeds of both Hatfield's and Jennifer's interests in the Property; Jennifer argued the Deed of Trust attached only to Hatfield's 50 percent interest. In 2009, the bankruptcy court issued an order agreeing with Jennifer.

In March 2010, Jennifer and the Trustee entered into a settlement agreement. The settlement agreement provided that Jennifer would subordinate most of her claims in the bankruptcy proceeding and, "[i]n consideration for [Jennifer's] subordination of the claims set forth above, Trustee agrees to sell to [Jennifer] . . . any and all remaining property of the Estate . . . ." In July 2010, after judgment issued in the bankruptcy adversary proceeding, the Trustee executed and recorded a grant deed transferring the Property to Jennifer.

In August 2012, Jennifer executed an Interspousal Transfer Grant Deed for the Property, conveying her interest in the Property to herself and Frank.

In the *Marvin* action, Jennifer moved for final judgment pursuant to the parties' settlement. In February 2014, the court issued an order granting the motion. The order referred to and attached the 2007 *Marvin* decision "determining [plaintiff] and Hatfield equally owned the property they had acquired"; noted Hatfield's bankruptcy filing and resulting litigation; referred to and attached the settlement agreement between the Trustee and Jennifer providing "the Trustee agreed to sell . . . the Estate's interest in [the Property] to [Jennifer]"; referred to and attached the final judgment of the bankruptcy court "determining the interests of [Jennifer] and the Trustee in

3

[the Property]"; and referred to and attached the grant deed from the Trustee granting the Trustee's interest in the Property to Jennifer.

In March 2014, Jennifer filed a second amended complaint in an action to quiet her title in the Property and determine that the defendants in that case, including respondent, had no interest in the Property. Respondent demurred, arguing the Deed of Trust encumbers 50 percent of the Property. The trial court sustained the demurrer and issued judgment dismissing with prejudice Jennifer's complaint as to respondent. The appeal in *Rosenblum I* followed.

In *Rosenblum I*, filed in April 2016, this court noted that the parties "agree that the Deed of Trust does not encumber 50 percent of the Property, but dispute whether it encumbers the other 50 percent." (*Rosenblum I*, *supra*.) *Rosenblum I* rejected Jennifer's argument that she owned 100 percent of the Property based on the *Marvin* action final judgment. (*Ibid.*) *Rosenblum I* concluded the 50 percent interest Jennifer purchased from the estate as part of the settlement agreement was encumbered by the Deed of Trust. (*Ibid.*) Further, *Rosenblum I* concluded that the order granting final judgment in the *Marvin* action made clear that Jennifer "owned half of the Property and she purchased the other half pursuant to the bankruptcy settlement agreement." (*Ibid.*) The decision held "the trial court did not err in concluding the Deed of Trust encumbers 50 percent of the Property." (*Ibid.*)

As relevant to one of appellants' arguments in the present appeal, the *Rosenblum I* decision treated as forfeited Jennifer's contention that "an order sustaining a demurrer to a quiet title action is improper where the plaintiff has a legal interest in the property at issue," because Jennifer "failed to raise

4

[this contention] in the trial court in her opposition to U.S. Bank's demurrer." (*Rosenblum I, supra.*)

In November 2018, Frank filed a quiet title action with respect to the Property in the United States District Court for the Northern District of California. The District Court dismissed the action, finding Frank's claims were barred because there is "no question that there is a final judgment on the merits" in the prior actions against respondent and another defendant. In June 2019, Frank appealed the dismissal to the United States Court of Appeal for the Ninth Circuit.

In August 2019, respondent filed the underlying complaint for partition, requesting sale of the Property and division of the proceeds between appellants and respondent. In November, appellants filed a cross-complaint to, once again, quiet title to the Property and to cancel the Deed of Trust.[3] Appellants alleged Jennifer "obtained fee simple title" to the Property, without encumbrance by the Deed of Trust, by virtue of the final judgment in the *Marvin* Action. In December, respondent filed a demurrer to the cross-complaint, arguing, among other things, that the claims in the cross-complaint were precluded by the decision in *Rosenblum I.*

On January 30, 2020, respondent served appellants notice of their intent to move for sanctions pursuant to sections 128.5 and 128.7 of the Code of Civil Procedure.[4] On February 25, respondent filed the motion, seeking sanctions in the amount of $12,210 against appellants and their counsel.

In March 2020, the trial court sustained the demurrer without leave to amend.

---

[3] The cross-complaint also named other defendants, who are not involved in the present appeal.

[4] All undesignated section references are to the Code of Civil Procedure.

5

On July 10, 2020, the trial court awarded respondent $11,900 in sanctions from appellants, but not from their counsel, under both sections 128.5 and 128.7. The court found that "the cross-complaint is objectively and subjectively unreasonable" and that "the pleading was filed for an improper purpose, unnecessary delay, and the cross-complaint is indisputably without legal merit." The court continued, "Despite the ruling of the Court of Appeal and other courts and no new facts or law, the Rosenblums persist in trying to relitigate issues they have already lost. Accordingly, the continued pursuit of the quiet title action in this cross-complaint is frivolous and in bad faith."

The present appeal followed.[5]

## DISCUSSION

Section 128.5 provides that "[a] trial court may order a party, the party's attorney, or both, to pay the reasonable expenses, including attorney's fees, incurred by another party as a result of actions or tactics, made in bad faith, that are frivolous or solely intended to cause unnecessary delay." (§ 128.5, subd. (a).) Section 128.7 provides that presenting a pleading to the court constitutes certification that, among other things, (1) it is not presented "primarily for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;" (2) the claims and legal contentions "are warranted by existing law or by a nonfrivolous

[5] Appellants filed a motion for a new trial, which the trial court denied. They purport to also appeal from denial of that motion, but that order is not appealable (although it may be reviewed on appeal from the underlying order). (*Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 18.) In any event, appellants present no argument that the trial court erred in denying the motion for a new trial.

On August 23, 2021, respondent requested that this court take judicial notice of several filings in the federal action and in the underlying case subsequent to issuance of the sanctions order. The request is denied.

6

argument for the extension, modification, or reversal of existing law or the establishment of new law;" and (3) "the allegations and other factual contentions have evidentiary support." (§ 128.7, subd. (b).) Sanctions can be imposed against "attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation." (§ 128.7, subd. (c).)

The primary issue on appeal is whether the trial court erred in concluding the cross-complaint was frivolous because the *Rosenblum I* decision precludes appellants' claims. "The law of preclusion helps to ensure that a dispute resolved in one case is not relitigated in a later case. . . . We now refer to 'claim preclusion' rather than 'res judicata' [citation], and use 'issue preclusion' in place of 'direct or collateral estoppel' [citations]. [¶] Claim and issue preclusion have different requirements and effects. Claim preclusion prevents relitigation of entire causes of action. [Citations.] Claim preclusion applies only when 'a second suit involves (1) the same cause of action (2) between the same parties [or their privies] (3) after a final judgment on the merits in the first suit.' [Citation.] Issue preclusion, by contrast, prevents 'relitigation of previously decided issues,' rather than causes of action as a whole. [Citation.] It applies only '(1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party.' [Citation.] Courts have understood the ' "necessarily decided" ' prong to 'require[ ] only that the issue not have been "entirely unnecessary" to the judgment in the initial proceeding' [citation]—leaving room for a decision based on two grounds to be

7

preclusive as to both." (*Samara v. Matar* (2018) 5 Cal.5th 322, 326–327 (*Samara*).)[6]

Appellants' argument that the cross-complaint was not frivolous is premised on their assertion that the *Rosenblum I* decision erred in several respects. In particular, appellants argue *Rosenblum I* erred in concluding Jennifer forfeited her argument that "an order sustaining a demurrer to a quiet title action is improper where the plaintiff has a legal interest in the property at issue" because Jennifer "failed to raise [this contention] in the trial court in her opposition to" the demurrer. (*Rosenblum I, supra.*) Appellants also assert it was error for the *Rosenblum I* decision "to consider any issue concerning [the] status of the Deed of Trust." Finally, appellants challenge the analysis in *Rosenblum I* regarding the Deed of Trust. Appellants contend those alleged errors deprive the decision of preclusive effect in the present action.

At the outset, we decline to consider the substance of appellants' claims of error in the *Rosenblum I* decision, because it is well established that errors in a prior decision do not deprive the decision of preclusive effect in subsequent litigation. (*Aerojet-Gen. Corp. v. Am. Excess Ins. Co.* (2002) 97 Cal.App.4th 387, 399 (*Aerojet-Gen. Corp.*) ["a final judgment is not subject to review in another action for an alleged error committed in the exercise of the first court's jurisdiction"]; see also *Meridian Fin. Servs., Inc. v. Phan* (2021) 67 Cal.App.5th 657, 701 (*Meridian*) [citing cases and rejecting argument against application of issue preclusion based on an alleged legal error in a prior decision]; *City of Santa Paula v. Narula* (2003)

---

[6] Although *Rosenblum I* involved Jennifer and not Frank, appellants do not dispute that Frank is in privity with Jennifer.

114 Cal.App.4th 485, 491 [citing cases].) Appellants cite no authority to the contrary.

Appellants also argue *Rosenblum I* did not decide Jennifer's quiet title claim on the merits because this court treated as forfeited her contention that her interest in the Property was sufficient to defeat the demurrer. But appellants cite no authority that a prior decision lacks claim preclusive effect where the resolution relied in part on forfeiture of an argument. Instead, it is well established that claim preclusion "bars the litigation not only of issues that were actually litigated but also issues that could have been litigated." (*Fed'n of Hillside & Canyon Assns. v. City of Los Angeles* (2004) 126 Cal.App.4th 1180, 1202.) A forfeited issue is an issue within the scope of a case that could have been litigated had it been asserted in a timely fashion. In other words, the *Rosenblum I* decision *was* on the merits of Jennifer's quiet title cause of action, which included a determination that one of the arguments put forth in support of the claim had been forfeited. (*Aerojet-Gen. Corp.*, *supra*, 97 Cal.App.4th at p. 400 ["It is the judgment that must be rendered on the merits [citation], not every point encompassed by it."].) Appellants cite no authority to the contrary.[7]

Moreover, appellants provide no basis to conclude that the express holding in *Rosenblum I* regarding the extent of respondent's property interest lacks *issue* preclusive effect in the present litigation. (*Samara*, *supra*, 5 Cal.5th at p. 327.) Appellants argue the issue was not "necessarily

[7] To the extent appellants suggested at oral argument that, as a general matter, an order sustaining a demurrer (or an appeal affirming such an order) is not a ruling on the merits, that contention has been forfeited because it was not presented in their briefs with supporting authorities. (*People v. Thompson* (2010) 49 Cal.4th 79, 110, n. 13; *Kinney v. Vaccari* (1980) 27 Cal.3d 348, 356, fn. 6.)

decided," but they misconstrue that requirement for application of issue preclusion. They contend the determination of respondent's interest was unnecessary in *Rosenblum I* because the court purportedly erred in sustaining the demurrer on that ground rather than reversing based on appellants' new argument that was treated as forfeited. However, "[a]n issue is ' "necessarily decided" ' by an order if the issue was not ' "entirely unnecessary" to the judgment in the initial proceeding.' " (*Anne H. v. Michael B.* (2016) 1 Cal.App.5th 488, 498.) The conclusion that the Deed of Trust encumbers 50 percent of the Property was entirely *necessary* to the *Rosenblum I* decision, because that was the actual basis for the court's ruling.[8] (*Meridian, supra,* 67 Cal.App.5th at pp. 701–703 [trial court " ' "necessarily decided" ' " unclean hands issue despite appellant's contention the court erred because "unclean hands is an affirmative defense that cannot be asserted against a defendant"].)

Neither has appellant shown there were grounds for declining to apply the claim or issue preclusion doctrines to avoid a manifest injustice or for other reasons of fairness or public policy. (See *F.E.V. v. City of Anaheim* (2017) 15 Cal.App.5th 462, 465; *In re Bush* (2008) 161 Cal.App.4th 133, 146.) Appellants argue it was unfair that the *Rosenblum I* decision declined to consider Jennifer's new argument on appeal based on her interest in the Property. But, given that the *Rosenblum I* decision actually determined the

---

[8] Appellants also assert *Rosenblum I's* finding that the Deed of Trust encumbers 50 percent of the Property was "surplusage." However, the cases they cite are inapposite. The cases address the significance of a trial court's findings on appeal but say nothing about the application of the res judicata doctrine to final judgments. (See *Colberg, Inc. vs. State ex rel. Dept. of Public Works* (1967) 67 Cal.2d 408, 412, fn. 2; *Kritzer vs. Lancaster* (1950) 96 Cal.App.2d 1, 6.) Appellants cite no authority that rulings in an appellate decision may be disregarded in applying the issue preclusion doctrine.

ultimate question of respondent's interest in the Property, it was not unjust for the trial court to prohibit appellants from re-litigating the quiet title claim. As appellants state in addressing another issue, "Proof of US Bank's alleged title is simply the converse of the Rosenblums' proof of their quiet title cause of action."

As relevant to the award of sanctions, appellants contend that, even if their arguments against preclusion were without merit, their position was not frivolous. The trial court did not err. As demonstrated above, appellants' contentions were " 'not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law' " and " 'any reasonable attorney would agree that [appellants' arguments were] totally and completely without merit.' " (*Ponce vs. Wells Fargo Bank* (2018) 21 Cal.App.5th 253, 261.) Appellants' repeated failure on appeal to cite relevant authority supporting their arguments further demonstrates the frivolousness of their contention that the *Rosenblum I* decision lacks preclusive effect in the present case.[9]

---

[9] Appellants also argue they acted in "good faith" in filing the cross-complaint, so there was no basis for the trial court's finding of "bad faith," as necessary for a sanctions award under section 128.5. We need not address that issue, because appellants do not argue that section 128.7, which they concede does not require such a finding, is insufficient to support the award (assuming this court rejects their other arguments). In any event, the procedural history of the litigation between the parties supports the trial court's finding of bad faith. Among other things, appellants cite no authority that they were compelled to waste court resources by filing a cross-complaint clearly subject to claim and issue preclusion, that they were unable to avoid sanctions by voluntarily dismissing the cross-complaint without prejudice, or that respondent was obligated to accept their terms for dismissing the frivolous cross-complaint.

11

Appellants have not shown the trial court erred in entering the challenged sanctions award.  (See *Bucur v. Ahmad* (2016) 244 Cal.App.4th 175, 191 ["Filing a new complaint based on the same facts to evade a ruling made in a previous litigation constitutes sanctionable conduct."].)

DISPOSITION

The trial court's order is affirmed.  Respondent is awarded its costs on appeal.

_____
SIMONS, Acting P. J.

We concur.

_____
NEEDHAM, J.

_____
BURNS, J.

(A161511)

12